The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on several questions concerning the application of the "Good Samaritan Law." Specifically, you reference Op. Att'y Gen. 86-606, which indicates that this law applies to actions taken by volunteer firefighters and renders them immune from civil damages for their actions. Because this opinion is over ten years old, you inquire as to whether there have been any changes in the law to affect the conclusions reached therein. You also inquire whether "medical First Responders are protected from civil liability under the Good Samaritan law," and whether they have tort immunity. Finally, you ask whether "Opinion 86-606 appl[ies] to First Responders who are also trained volunteer firemen; or, who have no connection with a fire department and have been trained through the American Red Cross, an Emergency Medical Technician program, or a hospital."
It is my opinion that there have been no substantive changes in the "Good Samaritan Law" since 1986. It is not now, however, the most relevant law addressing the immunity of volunteer firefighters. A number of other laws have been enacted since 1986 which impact the question. Let me first address the "Good Samaritan Law," and Op. Att'y Gen. 86-606, and then proceed to discuss the new statutes.
The "Good Samaritan Law" is codified at A.C.A. § 17-95-101 and provides in relevant part that:
 (a) Any person licensed as a physician or surgeon under the laws of the State of Arkansas or any other person, who in good faith, lends emergency care or assistance without compensation at the place of an emergency or accident, and who was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered, shall not be liable for any civil damages for acts or omissions performed in good faith.
 (b) Any person who is not a physician, surgeon, nurse, or other person trained or skilled in the treatment of medical emergencies who is present at an emergency or accident scene, and who:
 (1) Believes that the life, health, and safety of an injured person or a person who is under imminent threat of danger could be aided by reasonable and accessible emergency procedures under the circumstances existing at the scene thereof;
 (2) Proceeds to lend emergency assistance or service in a manner reasonably calculated to lessen or remove the immediate threat to the life, health, or safety of such person;
 (3) Lends only such emergency care or assistance as a reasonable and prudent person concerned for the immediate protection of the life, health, and safety of the person for whom the service were rendered would lend under the circumstances;
 shall not be held liable in civil damages in any action in the state for any harm, injury, or death of any such person so long as the person rendering such service acted in good faith and was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered.
Opinion No. 86-606 concludes that the language above encompasses volunteer firefighters and would render them immune from civil liability for damages if their conduct falls within the statute and if they receive no compensation for their actions. The law refers not only to physicians, but also to any "other person[s]" which presumably would include volunteer firefighters. It should be noted, however, that this law may not include volunteer firefighters if they receive compensation for their efforts. In Arkansas, in many instances, "volunteer" firefighters do receive some type of compensation for their actions. In such cases, it may be contended that the "Good Samaritan Law" would not apply. The statute is not entirely clear in this regard, however. As originally enacted by Act 46 of 1963, it was clear that the absence of compensation was a prerequisite to the immunity offered under the "Good Samaritan Law." The original law was comprised of subsection (a) only. The law was amended by Act 725 of 1979, however, to retain and restate subsection (a) and to add subsection (b). Subsection (b) standing alone, does not refer to the absence of compensation. It applies, however, only to persons who are not physicians, surgeons, nurses, or other persons trained or skilled in the treatment of medical emergencies. If the volunteer firefighter is
trained in the treatment of medical emergencies and receives compensation as a volunteer firefighter for the actions taken, it is my opinion he or she will not be covered by the "Good Samaritan Law." If the volunteer firefighter is not so trained, the act is a little unclear on whether the receipt of compensation precludes immunity thereunder. There are no Arkansas cases construing the language of the statute on this point, and perhaps legislative clarification is indicated. It is my opinion, however, reading the act as a whole, that the absence of compensation is in all likelihood a prerequisite to immunity under either subsection (a) or (b). Thus, volunteer firefighters are in all likelihood not covered by the "Good Samaritan Law" if they receive compensation for their actions.
In any event, a more apposite statute with regard to volunteer firefighters was passed in 1987. Section 16-5-101 of the Arkansas Code provides that:
 (a) No volunteer fire fighter or board member of a volunteer fire department, nor administrative personnel of a volunteer fire department, shall be civilly liable for personal injury or property damage resulting from any act or omission of a volunteer fire fighter in carrying out his or her official duties as fire fighter if the act or omission was in good faith and did not constitute gross negligence.
 (b) The provisions of this section shall not apply to volunteer fire departments of incorporated cities or towns.
This provision provides immunity to rural volunteer firefighters for good faith actions which do not amount to "gross negligence." Presumably it applies regardless of the compensation arrangements afforded "volunteer" firefighters. This statute does not apply, however, to volunteer firefighters for a city or town.[1]
Another subchapter of potential applicability is the "Arkansas Volunteer Immunity Act," codified at A.C.A. §§ 16-6-101 to -105, also enacted in 1987, which immunizes certain "qualified volunteers" from liability unless the actions are in bad faith or constitute gross negligence. See
A.C.A. § 16-6-105. The "qualified volunteers," however, are liable for ordinary negligence to the extent of any liability insurance, and the immunity does not exist for the negligent operation of a vehicle, but if there is liability insurance covering the vehicle, the liability is limited to the amount of coverage. Again, however, this act only applies to volunteers who act "without financial compensation." See A.C.A. §16-6-103(1).
Three other acts may be applicable depending upon the circumstances surrounding the provision of services. Section 12-75-128 of the Arkansas Code immunizes certain "emergency service workers" whether volunteers or employees, from liability for death or injury to persons, or for damage to property as a result of compliance with the provisions of A.C.A. §§12-75-101 to -131, "The Arkansas Emergency Services Act of 1973." The immunity afforded does not apply to willful misconduct, gross negligence, or bad faith actions. See A.C.A. § 12-75-128 (b). Additionally, § 16-120-401 immunizes any person or entity from civil damages who at the request of any city, county, or state agency, supplies specialized equipment or personnel in response to an emergency. The immunity applies only in the event the services or equipment was provided without compensation at the place of an emergency, and does not apply to actions taken in bad faith. Certain immunity is also provided under A.C.A. § 20-13-902 to emergency medical services personnel who follow "do not resuscitate" orders.
Whether the above statutes apply to a given situation will be a question of fact in each instance.
With regard to your questions about the liability of "medical First Responders," under the "Good Samaritan Law," it must be noted again that if the "medical first responders" are trained or skilled in the treatment of medical emergencies, and receive compensation for their efforts, the "Good Samaritan Law" will not immunize them. The other statutes mentioned above may or may not apply to these first responders, depending upon the circumstances. If no compensation is received by them or the other volunteers you mention, and their actions fall within the language of the statute, the "Good Samaritan Law" would apply.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Your request indicates that you are primarily concerned with "rural" volunteer firefighters, and therefore, statutes which might operate to immunize volunteer firefighters for a city or town are not discussed in detail herein.